UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    v.

WILLIAM L. HUNTRESS,
ACQUEST DEVELOPMENT LLC, and
ACQUEST TRANSIT, LLLC,

                  Defendants.

**DECISION AND ORDER**
13-CV-199S

## I. INTRODUCTION

Defendants are charged in a five-count Indictment accusing each of them with: (1) conspiracy to (among other things) impede the administrative enforcement of federal environmental laws and regulations; (2) obstruction of justice (18 U.S.C § 1519); (3) concealment of material facts (18 U.S.C. § 1001(a)(1)); (4) making false statements (18 U.S.C. § 1001(a)(2)); and (5) criminal contempt (18 U.S.C. § 401(3)).  Presently before this Court are Defendants' objections to that part of the September 8, 2014 Report and Recommendation of Magistrate Judge Jeremiah J. McCarthy that recommended denial of Defendants' motion to dismiss the Indictment.  For the reasons that follow, the objections are denied and the Report and Recommendation is accepted in its entirety.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate judge may hear and submit a report and recommendation on any dispositive motion before the Court.  Local Rule of Civil Procedure 72(b) further requires that written objections to a magistrate judge's report "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal

authority." After *de novo* review of those portions of the report and recommendation to which proper objections are made, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1)(C); United States v. Gardin, 451 F. Supp. 2d 504, 506 (W.D.N.Y. 2006).

In contrast, general or perfunctory objections which are merely "a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge" are improper. Camardo v. General Motors Hourly-Rate Emp. Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y. 1992)(no "second bite at the apple" will be permitted). The district court may adopt those parts of the report to which no objection or an improper objection is raised so long as such are not clearly erroneous. Gardin, 451 F. Supp. 2d at 506.

Here, Defendants' objections are aimed at that part of Judge McCarthy's Report and Recommendation that denied their motion to dismiss the Indictment. Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." An indictment must also "provide enough detail so that [a defendant] may plead double jeopardy in a future prosecution based on the same set of events." United States v. De La Pava, 268 F.3d 157, 162 (2d Cir. 2001); United States v. Goodwin, 141 F.3d 394, 401 (2d Cir. 1997), *cert denied*, 525 U.S. 881 (1998). It need not be perfect, however, and "common sense and reason are more important than technicalities." De La Pava 268 F.3d at 162. Accordingly, a pre-trial motion to dismiss an indictment under Rule 12 must satisfy a "high standard." United States v. Larson, 807 F. Supp. 2d 142, 151 (W.D.N.Y. 2011); United States v. Lazore, 90 F.Supp.2d 202, 203 (N.D.N.Y. 2000). In considering whether

to dismiss an indictment for failure to state a criminal offense, a court must assume the truth of the allegations in the indictment and determine whether the indictment is valid on its face.  United States v. Bicoastal Corp., 819 F. Supp. 156, 158 (N.D.N.Y. 1993).

**A.      Failure to Sufficiently Allege the EPA's Authority to Make Inquiries**

Defendants' first objection is that dismissal is warranted because the Indictment fails to sufficiently allege that the Environmental Protection Agency ("EPA") had the authority to make the inquiries for information that underlie the obstruction of justice, conspiracy, concealment, and false statement charges in the Indictment.  This Court disagrees.  The Indictment alleges the EPA is the agency within the executive branch of the United States Government with the authority to administer and enforce the Clean Water Act ("CWA"), a statutory scheme that prohibits, among other things, "the discharge of any pollutant" from any "point source" into "navigable waters" unless authorized by permit. (Indictment ¶ 4, Docket No. 1.) The Indictment also alleges that Defendants conducted mechanized earthmoving and land-clearing activities that caused the discharge of fill materials, a recognized pollutant, into "potential wetlands" on the subject property. (Indictment ¶¶ 5, 17-21, Count 1 ¶¶ 4-5 see Indictment ¶ 6 (a "point source" includes conveyances such as earthmoving equipment); ¶ 7 (wetlands as defined by regulation constitute "navigable waters" of the United States as defined by the CWA).)  Further,"the EPA was authorized to require a person or entity to provide information to the EPA as was reasonably required" to "*determine the applicability* of the CWA to a parcel of land as well as whether a person or entity was in violation of the CWA." (Indictment ¶ 10 (citing 33 U.S.C. § 1318(a)) (emphasis added)); see Bryson v. United States, 396 U.S. 64, 70-71, 90 S. Ct. 355, 24 L.

Ed. 2d 264 (1969) (an agency's jurisdiction should not be narrowly construed for purposes of fraudulent statement charge).

This use of the phrase "potential wetlands" does not undermine the facial validity of the Indictment. As Judge McCarthy concluded, and the Indictment clearly alleges, the EPA has the authority to make inquiries of a land owner for the purpose of determining whether the agency has jurisdiction under the CWA. (Docket No. 48 at 17-18); see Matter of Alameda County Assessor's Parcel Nos. 537801-2-2 & 537-850-9 *et al.*, 672 F. Supp. 1278, 1279, 1286-87 (N.D. Cal. 1987) (denying motion to quash a more intrusive administrative warrant of entry issued for the purpose of "determining what areas of the farm, *if any*, fall under the jurisdiction of the . . . CWA" based on the "potential" effluent sources and statutory violations (emphasis added)). Indeed, concluding that the "EPA may not demand information under Section 308 until EPA establishes jurisdiction over the wetlands. . . [would] frustrate[] the purposes of the CWA and the plain language of the statute." United States v. Hartz, No. 98 C 4785, 1999 WL 417388, *3 (N.D. Ill. June 15, 1999) (citing 33 U.S.C. § 1318(a)).

Defendants argue that Hartz is distinguishable because there the defendant did not dispute the Government's allegation that it was an "owner or operator of any point source." 1999 WL 417388 at *3 (citing 33 U.S.C. § 1318(a)). That concession was material in Hartz, however, because the defendant was challenging the subject matter jurisdiction of the *court* to hear a civil action with respect to *violations of the CWA*. See generally Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000) (a plaintiff asserting subject matter jurisdiction bears the burden of proving by a preponderance of the evidence that it exists). No CWA violations are alleged here.  For the purposes of the present motion to dismiss

the Indictment, it is sufficient that the Government clearly alleged both the suspected pollutant (fill material), and point source (mechanized, earthmoving equipment) pertinent to the EPA's investigation, thereby giving Defendants sufficient notice for the purpose of preparing a defense to the Title 18 charges in the Indictment. De La Pava, 268 F.3d at 162. Further consideration of Defendants' arguments that neither a discharge of a pollutant nor a point source in fact existed on the subject property are premature challenges to the sufficiency of the evidence which would require this Court to improperly look beyond the face of the Indictment.[1]  See United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998).

**B.    Review of Contempt Charge in Civil rather than Criminal Action**

Count 5 of the Indictment charges Defendants with violating a preliminary injunction issued in a related civil action. Defendants argue that this charge should be dismissed because it is within this Court's broad authority in the civil action to ensure compliance with its orders.  (Defs Mem of Law at 10.)  As the Government notes, this argument was not raised before the magistrate judge, and Defendants were expressly warned that a district court will ordinarily refuse to consider *de novo* arguments which could have been, but were not, presented to the magistrate judge. (Docket No. 55 at 8-9 (citing Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985, 990-91 (1st Cir. 1988)).

---

[1]The cases cited by Defendants do not call this conclusion into question. Service Oil v. U.S. Env. Protection Agency recognizes that the EPA had no authority to impose an administrative penalty for the failure to apply for a permit absent evidence that the sanctioned party was in fact a "point source," i.e. had discharged pollutants.  590 F.3d 545, 550 (8th Cir. 2009). Waterkeeper Alliance v. U.S. E.P.A. found unauthorized an EPA regulation that assumed all "concentrated animal feeding operations" fell under CWA jurisdiction based on the potential for discharging pollutants and placed the burden on those entities to prove otherwise.  399 F.3d 486, 504-06 (2d Cir. 2005).  Neither of these cases, however, call into question the EPA's authority to conduct an investigation and make inquiries for the purpose of making individualized determinations whether an entity is subject to the CWA's requirements, which is the dispositive issue for the purposes of the Title 18 obstruction and false statement charges in this Indictment.

Although Defendants assert that this is a discretionary determination, (Defs Reply Mem at 10), this Court declines to consider Defendants' belated request for the dismissal of Count 5. The fact that the underlying conduct could be considered elsewhere does not amount to a persuasive argument that it in fact should.

**C.     Prior-Converted Cropland**

Defendants next objection is that Judge McCarthy erred in failing to address their prior-converted ("PC") cropland argument because "it has twice been rejected" by this Court. (Defs Mem of Law at 11-18.) In addition to arguing that this Court's prior rulings do not preclude a finding that the subject land's status as PC Cropland has not been abandoned,[2] Defendants assert that "[i[n any event, the Indictment fails to plead that the Transit Property is waters of the United States, is not PC Cropland, or that its PC Cropland was abandoned." (Defs Mem of Law at 11-14) As concluded above, however, the charges in this Indictment are based on the EPA's authority to inquire into the "potential wetlands" on Defendants' property, and this authority is sufficiently alleged. Similarly, the possibility that Defendants may be able to establish that the preliminary injunction underlying Count 5 of the Indictment was improvidently granted (an argument this Court need not discuss further at this time[3]) does not undermine the fact that the Indictment adequately alleges its

---

[2]Lands that qualify as prior-converted croplands, or wetlands converted to farming prior to December 23, 1985, are categorically excluded from the definition of "waters of the United States" and are therefore beyond the jurisdiction of the CWA. See Huntress v. U.S. Dep't of Justice, No. 12-CV-1146S, 2013 WL 2297076, *10 (W.D.N.Y. May 24, 2013) (citing 40 C.F.R. § 230.3(s); 33 C.F.R. § 328.3(a)(8); 7 C.F.R. § 12.2). The implementing regulations for this exception also provide that this designation may be lost if the land is not used for farming purposes for five consecutive years. Id.

[3]Notably, in the related civil action, this Court concluded that the subject property's status as a prior-converted cropland was subject to the EPA's provisions on abandonment. Huntress v. U.S. Dep't of Justice, 2013 WL 229 7076 at *14.

existence and the purported violation thereof. As Judge McCarthy stated, the issue at this stage of the proceedings is whether "federal crimes are alleged, not whether they can be proven." (Docket No. 48 at 7); see generally United States v. Parker, 165 F. Supp. 2d 431, 458 (W.D.N.Y. 2001) (there is no summary judgment equivalent in a criminal case); Bicoastal Corp., 819 F. Supp. at 158.

**D.   Permit Shield Defense**

Defendants further argue that Judge McCarthy similarly erred in concluding that their "permit shield" defense was precluded by this Court's prior ruling in the related civil cases. (Defs Mem of Law at 19-20). The same analysis and conclusion applied to the PC Cropland objection applies here. Even assuming that the scope of Defendants' permits shield them from certain alleged violations of the Clean Water Act (which are not alleged in this Indictment), such a defense is immaterial to whether the Government has adequately alleged the obstruction of justice, false statement, and contempt charges at issue in the present Indictment.

### III. CONCLUSION

The Indictment adequately alleges that the EPA had the authority to make the requisite inquiries underlying the charges asserted. Accordingly, Defendants' objections are denied. No objections have been made to Judge McCarthy's further recommendations that Defendants' motions to suppress evidence and for a Franks hearing also be denied. Having carefully reviewed these portions of the Report and Recommendation as well, this Court agrees with the Judge McCarthy's legal and factual conclusions and will therefore accept the Report and Recommendation in its entirety.

Finally, to the extent Defendants seek "certification" for the purposes of an interlocutory appeal, such an order is inappropriate. The procedure for certifying controlling questions of law for immediate appeal in 28 U.S.C. § 1292 is available only in civil actions.[4] Further, although the collateral order doctrine permits limited interlocutory appeals in criminal actions, such as from a denial of a motion to dismiss the indictment on double jeopardy grounds, these appeals are taken as of right. See United States v. Ferguson, 246 F.3d 129, 138 (2d Cir. 2001); see generally Balintulo v. Daimler AG, 727 F.3d 174, 193 (2d Cir. 2013) (recognizing that collateral order appeals are taken as of right)

## IV. ORDERS

IT HEREBY IS ORDERED, that Judge McCarthy's Report and Recommendation (Docket No. 48) is ACCEPTED;

FURTHER, that Defendants' Objections (Docket No. 53) are DENIED.

SO ORDERED.

Dated: February 13, 2015
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

---

[4] Notably, this Court has already declined in the related civil case to certify the permit shield and prior-converted cropland issues for immediate appeal. (09-cv-55S, Docket No. 187.)